7 F.3d 1042
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Jerry X. ELLIS, Appellant,
v.
M. EVANS, Warden, Maximum Security Unit, Arkansas Department
of Correction; M. Biram, Hearing Officer,
Arkansas Department of Correction, Appellees.
 No. 93-2225.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 14, 1993.
Filed: October 15, 1993.
 
 Before JOHN R. GIBSON, MAGILL, and Beam, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jerry Ellis, an Arkansas inmate, appeals from the district court's[1] order granting summary judgment in favor of prison officials Marvin Evans and M.D. Biram in this 42 U.S.C. § 1983 action. We affirm.
 
 
 2
 Ellis alleged that on October 21, 1991, Hearing Officer Biram, without his consent, waived Ellis's right to appear at his disciplinary hearing. Ellis further alleged that, on administrative appeal, Warden Evans affirmed Biram's disciplinary decision without reviewing the tape of the disciplinary hearing. Ellis claimed these actions denied him due process, and he sought compensatory and punitive damages.
 
 
 3
 Evans and Biram filed a motion to dismiss or, in the alternative, for summary judgment. In support, they submitted evidence that Ellis was already in punitive isolation when he was charged with this disciplinary, that Biram imposed a twenty-day punitive-isolation sentence consecutive to any Ellis was then serving, and that the disciplinary decision was reversed in a further administrative appeal. Evans and Biram contended that the disciplinary decision was reversed before the punishment commenced. They argued that Ellis had not suffered actual injury from the alleged due process violations. Ellis did not rebut defendants' evidence, nor did he dispute their assertion that the twenty-day sentence was not carried out. The magistrate judge granted summary judgment to defendants, and Ellis appealed.
 
 
 4
 This court reviews de novo a grant of summary judgment and examines the record in the light most favorable to the nonmoving party. United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir. 1992). Summary judgment must be entered against a nonmoving party who is unable to establish an essential element of the party's claim. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A section 1983 action requires actual injury as opposed to abstract suffering of loss of rights. Memphis Community Sch. Dist. v. Stachura, 477 U.S. 299, 308 (1986). We agree with the magistrate judge that Ellis failed to show actual injury. We decline to consider Ellis's allegations of injury asserted for the first time on appeal, as he has not shown that manifest injustice will otherwise result. See Ryder v. Morris, 752 F.2d 327, 332 (8th Cir.), cert. denied, 471 U.S. 1126 (1985).
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c)